IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:08-155-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Derrick Johnson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises a claim of ineffective assistance of counsel and three claims relating to the Fair Sentencing Act and its alleged effect on his case. The Government has filed a motion to dismiss and a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the proper procedures to respond and the consequences if he failed to do so. Defendant responded in opposition to the Government's motion and the matter is ripe for resolution.

Section 2255 of Title 28 imposes a one-year statute of limitations on motions filed for relief under this statute. Pursuant to § 2255, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to an exception under § 2255, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

As noted by the Government, Defendant was given until March 9, 2010, to file a petition for writ of certiorari in the United States Supreme Court. Therefore, he had one year from that date to file a § 2255 motion in this court. Defendant's motion was filed August 24, 2011, and is therefore untimely.

The Supreme Court has determined that the statute of limitation imposed by the AEDPA "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549 (2010).[1] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, ___ U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Defendant's response to the Government's motion does not address the Government's timeliness argument, nor does he meet either of the circumstances above-noted. His motion for relief is untimely.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

---

[1] *Holland* was a case involving whether equitable tolling applied to an untimely filed petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 15, 2011